UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTON BIT LABS, INC., d/b/a BIT BAR SALEM, a Massachusetts corporation,<br><br>Plaintiff,<br><br>v.<br><br>MASSACHUSETTS GROWTH CAPITAL CORPORATION, a Massachusetts body politic and corporation,<br><br>Defendant. | Civil Action No. _____<br><br>**VERIFIED COMPLAINT** |

This is a Civil Action brought by Plaintiff Boston Bit Labs, Inc., d/b/a Bit Bar Salem ("Bit Bar" or "Plaintiff") against Defendant Massachusetts Growth Capital Corporation ("Defendant" or "MGCC"). Plaintiff operates a gaming arcade in Salem, Massachusetts. On March 23, 2020, Gov. Baker shut down a substantial part of Plaintiff's business due to the COVID-19 outbreak. On September 2, 2020, after Gov. Baker had permitted casinos to reopen in full, but not video game arcades, Bit Bar brought claims against Gov. Baker under 42 U.S.C. § 1983 for Defendant's violation of Bit Bar's First and Fourteenth Amendment rights. *See Boston Bit Labs, Inc. v. Baker,* Case No. 1:20-cv-11641-RGS (D. Mass.). As a direct result of Plaintiff bringing those claims, Gov. Baker capitulated and lifted the restriction, but the litigation remains pending, as the Commonwealth seeks to avoid its obligations under 42 U.S.C. § 1988.

In the interim, MGCC, a Massachusetts body politic and corporation, charged by the Commonwealth with making available certain COVID-19 grants to small businesses, opened its application window for such grants on October 22, 2020. The window closes November 12, 2020. Bit Bar wishes to apply for a grant, but MGCC states that an applicant must "Not [be] a party to litigation involving the Commonwealth or municipality you operate in." Thus, video game arcades that did not act can receive grants, but Bit Bar, whose actions reopened the most substantial portion of those businesses, is barred. Bit Bar, therefore, complains and alleges as follows:

## THE PARTIES

1. Plaintiff, Boston Bit Labs, Inc. d/b/a Bit Bar Salem, is a corporation organized under the laws of the Commonwealth of Massachusetts with a principal place of business in Salem, Massachusetts.

2. The Defendant, Massachusetts Growth Capital Corporation, is a body politic and corporation established pursuant to Mass. Gen. Laws, ch. 40W.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this civil action per 28 U.S.C. § 1331 as this is a civil action arising under 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the U.S. Constitution. As a Massachusetts body politic and corporation, this Court has general personal jurisdiction over Defendant and venue is appropriate in this District per 28 U.S.C. § 1331(b)(1).

## FACTUAL BACKGROUND

4. Bit Bar owns and operates a restaurant-arcade which is an establishment that provides food and drink to patrons while allowing them to play video games.

5. On or about March 10, 2020, Gov. Baker declared a state of emergency in the Commonwealth of Massachusetts due to the outbreak of the 2019 novel Coronavirus ("COVID" or "COVID-19"). *See* Massachusetts Executive Order No. 591.

6. Baker continued to "rule by decree" for the months following Executive Order 591.

7. Without warning, explanation, or due process, in COVID-19 Order No. 43 Gov. Baker decreed that arcades would remain closed, but not casinos, discriminating solely on the basis of protected speech.

8. "Like the protected books, plays, and movies that preceded them, video games communicate ideas — and even social messages — through many familiar literary devices (such as characters, dialogue, plot, and music) and through features distinctive to the medium (such as the

player's interaction with the virtual world). That suffices to confer First Amendment protection." *Brown v. Entm't Merchs. Ass'n*, 564 U.S. 786, 790 (2011).

9. Due to Gov. Baker's unconstitutional conduct, on September 2, 2020, Plaintiff filed suit in this Court, styled *Boston Bit Labs, Inc. v. Baker*, Case No. 1:20-cv-11651-RGS (D. Mass.) (hereinafter "Baker suit"), raising claims under 42 U.S.C. § 1983 for violation of the First and Fourteenth Amendments.

10. In doing so, it not only vindicated its own rights, but the rights of all those who didn't dare risk litigation, but who enjoyed the benefits that it conferred.

11. BitBar therefore acted not only in its best interest, but in the interest of ensuring that the Citizens of Massachusetts remained free, with an intact First Amendment and intact Due Process rights, and free from Baker's arbitrary and capricious actions.

12. BitBar was literally "the Man in the Arena" in the fight to vindicate Constitutional rights for all of us.

13. Pursuant to House Bill No. 4808, the 191st General Court, at item 1599-1232, allocated reserve funds to

> "be transferred to the Massachusetts Growth Capital Corporation established in chapter 40W of the General Laws for grants to support small businesses negatively impacted by the 2019 novel coronavirus; provided further, that eligible grant applicants shall have no more than 50 employees; provided further, that grants may be used for employee payroll and benefit costs, mortgage interest, rent, utilities and interest on other debt obligations; provided further, that priority in awarding grants shall be given to: (i) businesses that focus on reaching underserved markets; (ii) minority-owned, women-owned and veteran-owned businesses; and (iii) businesses that have not received aid from federal programs related to the 2019 novel coronavirus[.]"

14. Eligible businesses may apply for a COVID-19 grant through the MGCC at its website at a link provided on https://www.empoweringsmallbusiness.org/covid-19-response/covid-19-grants-massachusetts-small-businesses (hereinafter "MGCC Grant Page"). A copy of the MGCC Grant Page appears at **Exhibit A**.

15. Among the requirements on the MGCC Grant Page for applicants is:

"Business must be in good standing with the state and city/town:

- Business must be current on all taxes due through 3/1/2020; and
- Have active and valid state licenses/registrations, if applicable; and
- Not a party to litigation involving the Commonwealth or municipality you operate in."

16. Having brought the Baker suit, Plaintiff is not eligible to apply to MGCC for the funding.

17. Plaintiff attempted to apply, but had to check a box on the MGCC website that said that it was a party to litigation involving the Commonwealth.

18. Any other similarly situated video game arcade except for Plaintiff can apply. This is ironic, as MGCC has a requirement that the business also "be currently in operation", which they would not be but for Plaintiff having brought the Baker suit.

19. A significant portion of its business was unable to operate for months, leading to a decrease in revenue that likely could lead to Bit Bar going out of business entirely. The funding is necessary to maintain operations, especially as COVID-19 could spike again.

## CAUSES OF ACTION

### *Count I*
### (42 U.S.C. 1983 – First Amendment)

20. Plaintiff hereby repeats and realleges the preceding paragraphs of the Complaint as if set out in full herein.

21. As a body politic and corporation, MGCC is a state actor and/or acts under color of state law.

22. By reason of the aforementioned requirement that an applicant not be a party to litigation, created, adopted, and enforced under color of state law, Defendant has deprived Plaintiff of its right to petition the government for redress of grievances in violation of the Freedom of Petition Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983.

23. There is no compelling government interest to deny grants to litigants seeking to vindicate their Constitutional rights.

24. The only difference between Bit Bar and other small business video game arcades that might apply is that Bit Bar took the necessary action to vindicate their collective rights.

25. Defendant's restriction on Plaintiff's petitioning activity is in violation of the First Amendment.

26. As a direct and proximate result of Defendant's violation of the Freedom of Petition Clause of the First Amendment, Plaintiff has suffered monetary loss, irreparable harm, including the loss of its constitutional rights, entitling Plaintiff to compensatory damages and to declaratory and injunctive relief.

### *Count II*
**(42 U.S.C. 1983 – Fourteenth Amendment)**

27. Plaintiff hereby repeats and realleges the preceding paragraphs of the Complaint as if set out in full herein.

28. By reason of the aforementioned requirement that an applicant not be a party to litigation, created, adopted, and enforced under color of state law, Defendant has deprived Plaintiff of the equal protection of law guaranteed under the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983, in that Defendant is preventing Plaintiff from receiving funding on account of its petitioning activity, thereby denying it the operation of an enterprise, in direct contrast to similarly situated video game arcades, which enjoy benefits of applying for funding under law denied to Plaintiff.

29. As a direct and proximate result of Defendant's violation of the Equal Protection Clause of the Fourteenth Amendment, Plaintiff has suffered monetary loss and irreparable harm, including the loss of its constitutional rights, entitling Plaintiff to compensatory damages and to declaratory and injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks this Court:

A.   To declare that defendant's restriction on Plaintiff's petitioning activity, including the adoption of the restriction on applicants litigating against the Commonwealth at issue here, violates the First and Fourteenth Amendments to the U.S. Constitution as set forth in this Complaint;

B.   To preliminarily and permanently enjoin Defendant's restriction and its application to Plaintiff's petitioning activity and business as set forth in this Complaint;

C.   To award Plaintiff damages for the loss of its constitutional rights;

D.   To award Plaintiff damages for the arbitrary and capricious damage to its business;

E.   To award Plaintiff its reasonable attorneys' fees, costs, and expenses pursuant to 42 U.S.C. § 1988 and any other applicable law; and,

F.   To award such other relief as this Honorable Court may deem just and proper.

Dated: October 27, 2020            Respectfully Submitted,

/s/ Marc J. Randazza
Marc J. Randazza, BBO# 651477
mjr@randazza.com, ecf@randazza.com
Jay M. Wolman, BBO# 666053
jmw@randazza.com, ecf@randazza.com
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (978) 801-1776

Attorneys for Plaintiff
Boston Bit Labs, Inc.

## **VERIFICATION**

I, GIDEON COLTOF, state, under penalty of perjury:

1. I am over the age of 18;

2. I am the President of plaintiff Boston Bit Labs, Inc. d/b/a Bit Bar in this action;

3. I have read the foregoing Verified Complaint and know the contents thereof; and

4. The foregoing Verified Complaint is true to the best of my knowledge, information and belief.

Pursuant to U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on this ___ day of October, 2020 at _____.

_____
Gideon Coltof